&#x2615; **EFILED IN OFFICE**
CLERK OF STATE COURT
FORSYTH COUNTY, GEORGIA
**21SC-0507-B**
Judge T. Russell McClelland
APR 01, 2021 04:49 PM

Greg G. Allen, Clerk
Forsyth County, Georgia

## IN THE STATE COURT OF FORSYTH COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| **PEARLINE TOPPIN,** | * |
| | * |
| **Plaintiff,** | * |
| | * |
| | * **CASE NO.:** |
| **vs.** | * |
| | * **JURY TRIAL** |
| **WAL-MART STORES EAST, LP,** | * |
| | * |
| **Defendant.** | * |
| | * |
| | * |

## COMPLAINT FOR DAMAGES

**COMES NOW**, Pearline Toppin (hereinafter "Plaintiff"), in the above-styled action, and files this, his Complaint for Damages against Wal-Mart Stores East, LP. (hereinafter "Defendant"), as follows:

1.

Plaintiff is a resident of the State of Georgia and consents to the jurisdiction and venue of this Court.

2.

Defendant Wal-Mart Stores East, LP (hereinafter "Defendant") is a foreign for-profit corporation organized and operating under the laws of the State of Delaware with a principal place of business at 708 SW 8th Street, Bentonville, Arkansas 72716 and is authorized to transact business in the State of Georgia.

3.

Defendant maintains a retail location at 5200 Winward Parkway, Alpharetta, Georgia, Fulton County, Georgia 30004.

4.

Defendant is subject to the jurisdiction and venue of this Court.

5.

Service can be perfected upon Defendant by serving its registered agent, The Corporation Company, at 112 North Main Street, Cumming, Georgia 30040.

## FACTS OF THE CASE

6.

On August 19, 2019, Defendant was engaged in the ownership, management, and operation of the Walmart store located at 5200 Winward Parkway, Alpharetta, Georgia, Fulton County, Georgia 30004 (hereinafter "Premises").

7.

On August 19, 2019, Plaintiff was an invitee of the Premises to purchase products sold by Defendant.

8.

On August 19, 2019, in and around Defendant's chips and candy asile, a clear liquid had accumulated on the floor which created a Hazardous Condition on the Premises (hereinafter the "Hazardous Condition").

9.

While shopping, Plaintiff slipped and fell in the Hazardous Condition (hereinafter "Incident").

10.

Defendants provided no warning of any Hazardous Condition to Plaintiff.

11.

Plaintiff's fell backwards hitting the floor and suffering multiple injuries, including, but not limited to, a contusion to the right lower leg, mid and low back, and right hip.

12.

Plaintiff suffered severe physical injury due to the fall.

13.

Plaintiff immediately sought medical treatment for her injuries from the fall.

14.

Plaintiff continues to experience pain and suffering related to the fall injuries.

## COUNT I – NEGLIGENCE

15.

Plaintiff incorporates and realleges the assertions and allegations contained in paragraphs 1- 14, as if fully set forth herein.

16.

Defendant owed a duty of care to Plaintiff to act reasonably in the inspection, operation, and maintenance of the Premises.

17.

Defendant breached its duty to Plaintiff by:

a)   Failing to properly inspect the Premises for Hazardous Conditions;

b)   Allowing a Hazardous Condition to exist and remain on the Premises;

c)   Failing to maintain a safe environment for its invitees;

d)   Failing to warn Plaintiff of the Hazardous Condition; and

e) For other negligent acts and omissions which shall be discovered during the litigation and presented at trial.

18.

At all times relevant to the subject Incident, Plaintiff was without fault or negligence.

19.

As a direct and proximate cause of the Defendant's negligence, Plaintiff has sustained severe ongoing physical injuries.

20.

As a direct and proximate cause of the Defendant's negligence, Plaintiff has incurred medical expenses which today total in excess of $24,000.00.

21.

As a direct and proximate result of the Defendants' negligence, Plaintiff may continue to incur future medical expenses for an indeterminate time into the future.

22.

As a direct and proximate result of the Defendants' negligence, Plaintiff has incurred, and continues to incur, pain and suffering, mental anguish, and emotional distress.

## COUNT II – RESPONDEAT SUPERIOR

23.

Plaintiff incorporates and realleges the assertions in allegations contained in paragraph 1 - 22, as if fully set forth herein.

24.

At the time of the subject Incident, Defendant's employees and agents working on the Premises were working within the course and scope of their employment.

25.

At the time of the subject Incident, Defendant's employees and agents were responsible for the inspection and maintenance of the Premises such that it should be clear of Hazardous Conditions.

26.

Defendants is responsible for the actions and/or inactions of its employees with respect to the subject Incident as a matter of law.

## COUNT V - PREMISES LIABILITY

27.

Plaintiff incorporates and realleges the assertions and allegations contained in paragraphs 1- 26, as if fully set forth herein.

28.

Plaintiff was an invitee on the Premises at the time of the Incident.

29.

Defendant owed a nondelegable duty of reasonable care in keeping the Premises safe for invitees such as Plaintiff.

30.

Defendant, by and through their employees who were working within the course and scope of their employment at the time of the Incident, allowed the Hazardous Condition to exist.

31.

At all times relevant to the subject Incident, Defendant had superior knowledge of the Hazardous Condition which existed on Defendant's Premises.

32.

Plaintiff did not know of the danger posed by the Hazardous Condition at the time of the Incident.

33.

Defendant had actual or constructive knowledge of the existence of the Hazardous Condition and should have warned invitees to the Hazardous Condition.

34.

Defendant was negligent in failing to properly inspect or maintain its Premises, in failing to remedy the presence of the Hazardous Condition, in failing to take adequate measures to protect invitees, and in failing to keep the Premises safe for invitees.

**WHEREFORE**, the Plaintiff prays:

1. That summons issue and that the Defendant be made party to this action as provided by law;

2. That this case be tried by a jury of 12;

3. That Plaintiff receives a judgment against Defendant for general damages including pain and suffering, mental anguish, and emotional distress, in such an amount as may be shown by the evidence and determined by the enlightened conscience of the jury;

4. That Plaintiff receives a judgment against Defendant for special damages incurred, including but not limited to, medical expenses and lost wages, in an amount to be shown at trial and determined by the enlightened conscience of the jury;

5. That Plaintiff be awarded all costs of litigation, including reasonable attorney's fees and expenses; and

6. That the Court order such other and further relief as necessary.

This 1st day of April 2021.

**Lowe Law Firm, P.C.**

*/s/ Shaun Daugherty*
Shaun Daugherty
Shaun@lowelawatl.com
Georgia Bar Number: 205877
**Attorney for Plaintiff**

3644 Chamblee Tucker Road, Suite F
Atlanta, GA 30341
Tel/Fax: (678) 258-9131

IN THE STATE COURT OF FORSYTH COUNTY
STATE OF GEORGIA

PEARLINE TOPPIN,                                    Civil Action File No.
                                                   21SC-0507-B
          Plaintiff,

v.

WAL-MART STORES EAST, LP,

          Defendant.

_____/

## ANSWER OF DEFENDANT

COMES NOW, Defendant WAL-MART STORES EAST, LP and makes this Answer to Plaintiff's Complaint as follows:

## FIRST DEFENSE

Plaintiff's Complaint fails to state a claim against Defendant upon which relief can be granted.

## SECOND DEFENSE

Plaintiff's alleged damages, if any, were directly and proximately caused by Plaintiff's own contributory negligence and failure to exercise ordinary care.

## THIRD DEFENSE

Plaintiff was not in the exercise of ordinary care for her own safety in the premises, and by the exercise of ordinary care could have avoided any injury to herself; and on account thereof, Plaintiff is not entitled to recover from Defendant.

Page -1-

<u>FOURTH DEFENSE</u>

Defendant denies that it was negligent in any manner whatsoever or that any negligent act or omission on its part caused or contributed to any injury or damage alleged to have been sustained by Plaintiff.

<u>FIFTH DEFENSE</u>

Plaintiff assumed the risk of any hazard that was presented and is thereby barred from recovering against Defendant.

<u>SIXTH DEFENSE</u>

Plaintiff's claims for attorney's fees should be dismissed as a matter of law.

<u>SEVENTH DEFENSE</u>

Defendant responds to the enumerated paragraphs of Plaintiff's Complaint as follows:

1.

Defendant lacks sufficient knowledge and information to either admit or deny the allegations contained in paragraph 1 of Plaintiff's Complaint.

2.

Defendant admits the allegations contained in paragraph 2 of the Plaintiff's Complaint, but shows that it is a "limited partnership".

3.

Defendant admits that it operates the subject store and admits the allegations contained in paragraph 3 of the Plaintiff's Complaint.

4.

Defendant denies the allegations contained in paragraph 4 of the Plaintiff's Complaint.  Jurisdiction and venue are now proper in the United States District Court, Northern District of Georgia, Gainesville Division.

5.

Defendant admits the allegations contained in paragraph 5 of the Plaintiff's Complaint.

6.

Defendant admits only that it operated the subject store.  Defendant denies the remaining allegations contained in paragraph 6 of the Plaintiff's Complaint.

7.

Defendant lacks sufficient information to either admit or deny the allegations contained in paragraph 7 of the Plaintiff's Complaint.

8.

Defendant denies the allegations contained in paragraph 8 of the Plaintiff's Complaint.

9.

Defendant denies the allegations contained in paragraph 9 of the Plaintiff's Complaint.

10.

Defendant denies the allegations contained in paragraph 10 of the Plaintiff's Complaint, as stated.  Defendant further denies a "Hazardous Condition".

11.

Defendant denies the allegations contained in paragraph 11 of the Plaintiff's Complaint.

12.

Defendant denies the allegations contained in paragraph 12 of the Plaintiff's Complaint.

13.

Defendant denies the allegations contained in paragraph 13 of the Plaintiff's Complaint.

14.

Defendant denies the allegations contained in paragraph 14 of the Plaintiff's Complaint.

15.

Defendant incorporates and realleges the answers contained in paragraphs 1-14, as if fully set forth herein.

16.

Defendant denies the allegations contained in paragraph 16 of the Plaintiff's Complaint, as stated.  The applicable statute and case law speak for themselves.

17.

Defendant denies the allegations contained in paragraph 17 of the Plaintiff's Complaint, including subparagraphs a), b), c), d), and e) thereof.

18.

Defendant denies the allegations contained in paragraph 18 of the Plaintiff's Complaint.

19.

Defendant denies the allegations contained in paragraph 19 of the Plaintiff's Complaint.

20.

Defendant denies the allegations contained in paragraph 20 of the Plaintiff's Complaint.

21.

Defendant denies the allegations contained in paragraph 21 of the Plaintiff's Complaint.

22.

Defendant denies the allegations contained in paragraph 22 of the Plaintiff's Complaint.

23.

Defendant incorporates and realleges the answers contained in paragraphs 1-22, as if fully set forth herein.

24.

Defendant denies the allegations contained in paragraph 24 of the Plaintiff's Complaint, as stated.

25.

Defendant denies the allegations contained in paragraph 25 of the Plaintiff's Complaint. The applicable statute and case law speak for themselves.

26.

Defendant denies the allegations contained in paragraph 26 of the Plaintiff's Complaint.

27.

Defendant incorporates and realleges the answers contained in paragraphs 1-26, as if fully set forth herein.

28.

Defendant lacks sufficient information to either admit or deny the allegations contained in paragraph 28 of the Plaintiff's Complaint.

29.

Defendant denies the allegations contained in paragraph 29 of the Plaintiff's Complaint, as stated.  The applicable statute and case law speak for themselves.

30.

Defendant denies the allegations contained in paragraph 30 of the Plaintiff's Complaint.

31.

Defendant denies the allegations contained in paragraph 31 of the Plaintiff's Complaint.

32.

Defendant denies the allegations contained in paragraph 32 of the Plaintiff's Complaint.

33.

Defendant denies the allegations contained in paragraph 33 of the Plaintiff's Complaint.

34.

Defendant denies the allegations contained in paragraph 34 of the Plaintiff's Complaint.

35.

All other allegations contained in the Complaint which are not specifically responded to herein, are, therefore, denied.

36.

Defendant denies Plaintiff's prayer for relief, including subparagraphs 1., 2., 3., 4., 5., and 6., thereof.

WHEREFORE, Defendant prays that Plaintiff's Complaint be dismissed with all costs cast upon the Plaintiff.  DEFENDANT DEMANDS TRIAL BY A JURY OF TWELVE (12) PERSONS AS TO ALL ISSUES SO TRIABLE.

McLAIN & MERRITT, P.C.


 /s/   Howard M. Lessinger
Howard M. Lessinger
Georgia Bar No. 447088

/s/ Jennie Rogers
Jennie Rogers
Georgia Bar No. 612725
Attorneys for Defendant
WAL-MART STORES EAST, LP

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 365-4514
(404) 364-3138 (fax)
hlessinger@mmatllaw.com

Page -9-

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the above and foregoing ANSWER OF

DEFENDANT WAL-MART STORES EAST, LP has this day been filed and served

upon opposing counsel via Peach Court E-File.

This the __21st__ day of April, 2021.

McLAIN & MERRITT, P.C.


_/s/ Howard M.  Lessinger___
Howard M. Lessinger
Georgia Bar No. 447088
Attorney for Defendant
WAL-MART STORES EAST, LP

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 365-4514
(404) 364-3138 (fax)
hlessinger@mmatllaw.com